[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13848

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BRYANT KEITH BENTLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:97-cr-00014-RAL-TGW-2

_____

Before WILLIAM PRYOR, Chief Judge, and JILL PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

Bryant Bentley, a federal prisoner, appeals *pro se* the denial of his second motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). The district court denied Bentley's second motion for the same reasons it denied his first motion—that he presents a clear and present danger to the community based on the violent nature of the crimes he committed and that he failed to establish an extraordinary and compelling reason for compassionate release. U.S.S.G. § 1B1.13. The United States moves for summary affirmance. Because "the position of [the United States] . . . is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), we affirm.

We review a denial of a prisoner's motion for compassionate release for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes clearly erroneous factual findings. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011).

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). A district court may reduce a term of imprisonment, under

section 3582(c)(1)(A), "if (1) the § 3553(a) sentencing factors favor doing so, (2) there are extraordinary and compelling reasons for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quotation marks omitted). The district court may consider these factors in any order, and the absence of any of the three forecloses a sentence reduction. *See id.* at 1237–38. A district court need not review the sentencing factors if it finds either that no extraordinary and compelling reason for release exists or that the defendant is a danger to the community. *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021).

Summary affirmance is appropriate. *See Groendyke Transp.*, 406 F.2d at 1162. The district court denied Bentley's first motion for compassionate release after finding that he presented "a clear and present danger to the community based on the violent nature of the crimes he committed," including using a firearm during several bank robberies. To support his second motion for compassionate release, Bentley provided "updated" letters from family and friends regarding their continued support for him and evidence of his additional rehabilitative work since he filed his first motion, but the district court acted within its discretion in finding that Bentley still posed a continuing danger to the community based on his violent offenses. And we need not decide whether he has identified an extraordinary and compelling reason for compassionate release. *See Tinker*, 14 F.4th at 1237–38.

4                      Opinion of the Court                 23-13848

Because there is no substantial question as to the outcome of the case, we **GRANT** the motion for summary affirmance and **GRANT** the government's motion for leave to file its reply out of time. *See Groendyke Transp.*, 406 F.2d at 1162.

**AFFIRMED.**